IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS

**SHERMAN TAYLOR,**
                    Petitioner,


                  v.                           CASE NO. 04-3373-SAC

**STATE OF KANSAS,**

                    Respondent.


                          <u>**MEMORANDUM AND ORDER**</u>

    This is a petition for writ of habeas corpus filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas.  Taylor was convicted in the District Court of Sedgwick County, Kansas, of attempted rape and attempted aggravated indecent liberties.  He seeks to challenge his state convictions based upon allegations of ineffective assistance of counsel, prosecutorial misconduct at trial, his mental incompetency and intoxication, insufficient evidence, and use of inadmissible evidence.  This Petition is properly treated as one under 28 U.S.C. 2254.

    Upon initial review, the court discovered a question of timeliness.  Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a federal habeas corpus petition under Section 2254.  The

limitation period is statutorily tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The period may also be subject to equitable tolling; however, the burden is on the petitioner to show that "extraordinary circumstances prevented him from filing his petition on time." In a prior order, this court granted Taylor time to show cause why this Petition should not be dismissed as time barred. Taylor has filed a Response with numerous attachments (Doc. 5). Having considered all the materials filed, the court finds as follows.

**FACTS**

Taylor was sentenced on September 19, 2001 (District Court of Sedgwick County, Kansas, Case No. 01-CR-12). He directly appealed to the Kansas Court of Appeals, which affirmed on February 14, 2003 (Appeal No. 01-87913-A). A Petition for Review was denied on April 29, 2003. On or about July 28, 2003, the time for Taylor to file a Petition for Certiorari in the United States Supreme Court expired without such an appeal being filed. His conviction became "final" at this time, and the one-year statute of limitations for filing a federal habeas corpus action began to run. Thus, petitioner had until July 28, 2004, to file his federal petition. Taylor has not filed any

application for post-conviction relief in state court. The Petition filed in this court was verified by petitioner on October 13, 2004, two and a half months after the statute of limitations for filing a federal action expired.

**DISCUSSION**

In his Response, Taylor describes certain circumstances which he asserts prevented him from timely filing his federal petition. Because Taylor is proceeding pro se, this court has liberally construed his pleadings as seeking "equitable tolling" of the limitations period. In his Response and attachments, Taylor generally argues that his federal Petition was delayed due to his not receiving attorney assistance. In particular, he alleges that his appellate defender did not advise him of his post-conviction options; he was a tenth-grade drop-out and lacks legal knowledge; he relied upon the Defender Project, which failed to follow through on his post-conviction remedies; his mental health resulted in him being transferred several times; and his indigency prevented him from hiring an attorney. Taylor additionally complains that he was not told by the appellate defender who represented him on his direct appeals, the legal assistants at the Defender Project, or any other lawyer how and when to file his petition, or in what court.

Even if this court were convinced that appellate counsel

who represented Taylor during his direct criminal appeal and/or the Defender Project were advising Taylor on post-conviction matters and neglected to file a timely post-conviction action on his behalf or advise Taylor to do so, equitable tolling would not be warranted for several reasons.  First, there is no right to counsel in habeas proceedings, so allegations of ineffective assistance of counsel will not excuse an untimely federal habeas application.  See Coleman v. Thompson, 501 U.S. 722, 752, 756-57 (1991); Smallwood v. Gibson, 191 F.3d 1257, 1267 FN4 (10th Cir. 1999), cert. denied 531 U.S. 833 (2000).  Further, the Tenth Circuit Court of Appeals has ruled that neither a petitioner's misunderstanding nor his attorney's mistake excuses a delay. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert denied, 525 U.S. 891 (1998).  Finally, equitable tolling is warranted only in "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).  To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his Petition on time, and that he diligently pursued his claims throughout the period he seeks to toll.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194

(2001). The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). The circumstances alleged by petitioner are not sufficiently analogous to these examples.

The circumstances alleged in this case are significantly similar instead to complaints about an inadequate law library, unfamiliarity with the legal process, or illiteracy, all of which have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Ignorance of the law generally and of the statutory time limit in particular will not excuse timely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. Nor is a claim of insufficient access to relevant law, such as AEDPA enough to support equitable tolling (Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808), particularly since the claims raised in a federal habeas petition must have already been presented in the state courts. Moreover, choosing to rely upon a legal assistant or attorney does not relieve a petitioner

from the personal responsibility of complying with the federal statute of limitations. Marsh, 223 F.3d at 1220; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999). This court is constrained by such precedent to find that Taylor has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his federal habeas application in a timely manner. The court further finds that Taylor does not present specific facts indicating steps he took to diligently pursue his claims throughout the period he seeks to equitably toll. For all the foregoing reasons, the court concludes that this Petition was not timely filed and must be dismissed.

The court notes that the attachments filed by Taylor in support of his Response include correspondence from the public defender who represented him at trial, the appellate defender who represented him on direct appeal, and mostly from interns and attorneys at the Defender Project. Petitioner exhibits a letter he received from the Defender Project on March 18, 2003, which informed him that his case had been "referred" to the Project by a Legal Services for Prisoners attorney "for help with your post conviction issues." In this letter, the attorney who is the Director of the Project informed Taylor that they would "screen "his" case to determine whether and how we can be of assistance." She stated, "If, based upon our review, we

6

determine we cannot assist you, we will return your documents immediately so that you may prepare and file the petition on your own." She further informed Taylor that if his case was assigned to an intern to review and research, and if "our research fails to support a viable legal claim," his documents would be returned promptly so he could proceed on his own. Petitioner was also advised in this letter:

> In 1996, Congress passed a bill limiting the filing of a (Section 2254) petition to exactly one year from when a conviction becomes final. A conviction is final at sentencing, or when the appeal is completed. While no such time limit exists for a 60-1507 motion, a 60-1507 must be filed within one year to preserve your right to file a (Section 2254) petition.

In another letter dated October 21, 2003, a Staff Attorney at the Defender Project informed Taylor they had done an initial review and put his case on a list for assignment to an intern. Taylor was further informed:

> If the research shows that there is a valid issue to present to the court, we will prepare the 1507 petition and send it to you to file *pro se.* Please be aware that sometimes, after investigation, it is determined that there is not a valid issue to present to the court. In that event, we return your documents to you by certified mail with appropriate forms for you to prepare a (sic) file a petition on your own.

Thereafter it appears that a Defender Project intern interviewed Taylor about his case. Petitioner exhibits other correspondence he received from the Project in April, October and December, 2003, and March, April, and May, 2004, indicating they were

7

obtaining and reviewing documents and evidence in his criminal case and sometimes seeking information from him. In a March, 2004, letter the Project intern informed Taylor that he was reviewing his case for an ineffective assistance of counsel claim to raise in a 1507 petition.

It thus appears from Taylor's own exhibits that he was informed by an attorney of the deadline for filing a federal 2254 petition. However, it also appears that he may not have understood the difference between a petition filed in state court under K.S.A. 60-1507 (a state habeas or 1507 petition) and one filed in federal court under 28 U.S.C. 2254 (a federal habeas petition). That assumption is supported by the fact that the Petition (Doc. 1) filed in this court is on forms apparently provided for filing an action in the state courts. The caption reads: "In the District Court of Sedgwick County, State of Kansas," and petitioner wrote in Case No. 01CR12. It is possible that Taylor prepared the forms to file a 60-1507 action in the District Court of Sedgwick County, but sent them to the federal court in Wichita instead of the state court. Even if this is the case, it does not entitle Taylor to tolling of the statute of limitations for filing his claims in federal court for the reason that Taylor's Petition was not "filed" in either state or federal court during the statutory period, but only after it expired. It appears that Taylor's only recourse now

may be to present his claims in a petition under K.S.A. 60-1507 to the state courts.

In sum, the court finds that petitioner failed to file his federal habeas corpus Petition within the statutory one-year time limit, and that he is not entitled to equitable tolling of the limitations period.  Accordingly, the court concludes that this action must be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed as time barred and all relief is denied.**

**IT IS SO ORDERED.**


**Dated this 2nd day of February, 2005, at Topeka, Kansas.**


<u>**s/Sam A. Crow**</u>
**U. S. Senior District Judge**